104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Consuelo F. ARROYO, Plaintiff-Appellant,
v.
NEW YORK STATE INSURANCE DEPARTMENT, Barbara Watson, and Jan
Goorsky, Defendants-Appellees.
 No. 95-9207.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 1
 Lauren R. Goldberg, Fried, Frank, Harris, Shriver & Jacobson, N.Y., NY.
 
 
 2
 David S. Cook, Office of Att'y Gen'l, N.Y., NY.
 
 
 3
 Present: KEARSE, MAHONEY, Circuit Judges, POLLACK, District Judge*.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Mukasey's Opinion and Order dated October 16, 1995. Although plaintiff contends that her inability, because of her medical condition, to perform her duties satisfactorily at the time of her discharge in 1990 was caused by the age-related comment in 1985 of her then-supervisor, she did not proffer any evidence of a causal connection between the 1985 remark and her treatment thereafter. Following the 1985 supervisor's comment, plaintiff was promoted, worked for other supervisors, and performed her duties satisfactorily for some two years. Assuming that the 1985 comment can be read as evincing the 1985 supervisor's bias against plaintiff on the basis of her age, and assuming that her subsequent supervisors had knowledge of that comment, plaintiff nonetheless did not proffer any evidence that her subsequent supervisors were motivated by age-based considerations in their treatment of her. We conclude that plaintiff did not meet even the de minimis showing, see, e.g., Cronin v. Aetna Life Insurance Co., 46 F.3d 196, 203-04 (2d Cir.1995); Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir.1988), required for successful opposition to the motion for summary judgment.
 
 
 6
 We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation